UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HUDSON E. MYERS, ) | CIV. 12-5072-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JAMES OURY, M.D., ) | |
| PAUL M. ORECCHIA, M.D., ) | ORDER DENYING MOTION |
| PAUL A. BORMES, M.D., ) | TO SET ASIDE DEFAULT |
| DAMON R. BECKLOFF, ) | |
| JOSEPH L. TUMA, M.D., F.A.C.C., ) | |
| HEATHER G. CWACH, M.D., ) | |
| SARFRAZ R. AHMAD, M.D., ) | |
| CAROL DUGAN, CNP, ) | |
| RAPID CITY REGIONAL HOSPITAL, INC., ) | |
| RUSHMORE HEART INSTITUTE, INC., ) | |
| CARDIOLOGY ASSOCIATES, P.C., ) | |
| REGIONAL HEALTH NETWORK, INC., ) | |
| REGIONAL HEALTH PHYSICIANS, INC., ) | |
| REGIONAL HEALTH, INC., ) | |
| JAMES H. OURY, M.D. MEDICAL ) | |
| CORPORATION, P.C., ) | |
| PAUL A. BORMES, M.D., P.C., and ) | |
| BLACK HILLS NEUROLOGY, LLP. ) | |
| ) | |
| Defendants. ) | |

On February 19, 2013, defendant, James Oury, M.D., moved to set aside the entry of default that was entered against him on January 30, 2013, and to allow him an additional 30 days to retain counsel to defend him with regard to plaintiff, Hudson E. Myers's, claims. Myers opposes the motion. Oury did not reply. No counsel has entered an appearance for Oury.

Oury was personally served with the summons and complaint on October 22, 2012. Oury was also personally served as the registered agent for James Oury, M.D. Medical Corporation, P.C., with the summons and complaint on October 22, 2013. Myers moved for entry of default against Oury on January 11, 2013. A copy of the motion was mailed to Oury on that day. The Clerk's

Entry of Default regarding Oury was filed on January 30, 2013, and a copy was mailed to Oury at his last known address. On January 31, 2013, Myers filed an amended motion for entry of default against James H. Oury, M.D. Medical Corporation, P.C. Myers served the motion on both defendants at Oury's last known address. The Clerk's Entry of Default as to James H. Oury, M.D. Medical Corporation, P.C.,[1] was filed on January 31, 2013, and mailed to Oury that same day.

    Oury sent a letter to the Clerk of Courts on February 20, 2013, asking that he be excused from his default in this case. The court construes this letter to be a motion to set aside the default against Oury. He states that he is involved in a contentious divorce, there is an issue regarding his insurance coverage, and his South Dakota mail was not forwarded to him while he was working in Texas. For these reasons, he asked that the default be set aside and that he be granted 30 days to retain counsel to defend him in this case. It is now over 90 days later and no counsel has noted an appearance on behalf of Oury.

    Rule 55(c) of the Federal Rules of Civil Procedure provides that the district court may set aside an entry of default "[f]or good cause." "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be

---

[1] In Oury's letter he states, "I write asking that I be excused from my default in this case." He makes no mention of the corporate defendant. Because a corporation can only appear in court with an attorney, *Carr Enterprises v. United States*, 698 F.2d 952, 953 (8th Cir. 1983), the court assumes Oury's request is directed only toward the entry of default against him personally.

prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

1. **Blameworthy or Culpable Conduct**

    Oury had actual notice of the lawsuit. In fact, he was personally served twice—in his individual capacity and as the registered agent for his corporation. The summons notified him that he had 21 days in which to answer. Myers waited over 80 days before he moved for entry of default. The clerk waited another 19 days before filing the entry of default. Oury did not respond in any way until 21 days later when he sent a letter to the court asking for relief. This was not a marginal failure to meet a pleading deadline. It was not a communication failure between a client and counsel. Rather it was a blatant disregard of a court deadline. This factor weighs in favor of Myers.

2. **Meritorious Defense**

    Oury has not asserted the substance of his defense. "Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.' " *Id.* at 914. Because Oury has not proffered any evidence, the court has no defenses to consider. This factor weighs in favor of Myers.

3. **Prejudice**

    The United States Supreme Court and the Eighth Circuit Court of Appeals have stated that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* at 915. Myers argues that

3

Oury's request for additional time carries with it the opportunity for Oury to dissipate his assets. This would exist in every case where a defendant asked for additional time to respond to the complaint and the court is not aware of any instance where this concern is sufficient to show prejudice to the plaintiff. Even though this factor weighs in favor of Oury, "a showing of prejudice to the plaintiff is not required to refuse to set aside an entry of default." *Iowa State Univ. Research Found., Inc. v. Greater Continents Inc.,* 208 F.R.D. 602, 604 (S.D. Iowa 2002), *aff'd and remanded,* 81 Fed. App'x 344 (Fed. Cir. 2003).

After considering all three factors and particularly the facts that Oury has not articulated any defense to this action and has not had an attorney note an appearance on his behalf, the court denies the motion to set aside the entry of default. It is

ORDERED that Oury's motion to set aside the Clerk's Entry of Default (Docket 54) is denied.

Dated May 23, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE