UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HUDSON E. MYERS, | CIV. 12-5072-KES |
| Plaintiff, | |
| vs. | |
| JAMES OURY, M.D., <br> PAUL M. ORECCHIA, M.D., <br> PAUL A. BORMES, M.D., <br> DAMON R. BECKLOFF, <br> JOSEPH L. TUMA, M.D., F.A.C.C., <br> HEATHER G. CWACH, M.D., <br> SARFRAZ R. AHMAD, M.D., <br> CAROL DUGAN, CNP, <br> RAPID CITY REGIONAL HOSPITAL, INC., <br> RUSHMORE HEART INSTITUTE, INC., <br> CARDIOLOGY ASSOCIATES, P.C., <br> REGIONAL HEALTH NETWORK, INC., <br> REGIONAL HEALTH PHYSICIANS, INC., <br> REGIONAL HEALTH, INC., <br> JAMES H. OURY, M.D. MEDICAL CORPORATION, P.C., <br> PAUL A. BORMES, M.D., P.C., and <br> BLACK HILLS NEUROLOGY, LLP. | ORDER GRANTING MOTION <br> TO SET ASIDE DEFAULT <br> AND DENYING MOTION TO DISMISS <br> FOR LACK OF STANDING |
| Defendants. | |

On November 8, 2013, defendant Cardiology Associates, P.C. moved to set aside the clerk's entry of default that was entered against it on October 9, 2013. Myers opposes the motion.

James Gangelhoff, the former manager of Cardiology Associates, was personally served with the summons and complaint in his capacity as the registered agent for Cardiology Associates, P.C., on October 2, 2012. Cardiology Associates was dissolved as a corporate entity on December 20, 2011. Gangelhoff notified the insurance agency for Cardiology Associates, Black Hills Agency, of the lawsuit and provided a copy of the summons and complaint to the agency.

Myers filed an affidavit on October 1, 2013, swearing that Cardiology Associates had been served with the summons and complaint and had failed to respond. The affidavit stated that a copy would be sent to Gangelhoff as the registered agent for Cardiology Associates and asked for the clerk to enter a default under Rule 55(a) of the Federal Rules of Civil Procedure. The Clerk's Entry of Default regarding Cardiology Associates was entered on October 9, 2013, and a copy was mailed to Gangelhoff at his last known address. On October 31, 2013, Myers moved for entry of default judgment against Cardiology Associates. Myers served the motion on Gangelhoff at his last known address. Upon receiving notice of the application for entry of default, Gangelhoff contacted legal counsel. Gangelhoff also resubmitted the claim to Cardiology Associates' insurance company, who subsequently denied the claim.

On November 8, 2013, Cardiology Associates moved to set aside the clerk's default. Cardiology Associates contends that it can show good cause for its failure to answer the complaint in a timely manner. Myers opposed the motion to set aside the default and alleges that Cardiology Associates does not have standing to challenge the entry of a default judgment.

"Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n.2 (8th Cir. 1997). Here, the clerk of court entered the default of Cardiology

2

Associates pursuant to Rule 55(a), and the court must now decide whether to set aside the default under Rule 55(c).

Rule 55(c) of the Federal Rules of Civil Procedure provides that the district court may set aside a clerk's entry of default "[f]or good cause." "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). The Eighth Circuit has recognized that "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998).

**1.     Blameworthy or Culpable Conduct**

Cardiology Associates had actual notice of the lawsuit. The summons notified Cardiology Associates that it had 21 days in which to answer. Cardiology Associates notified its insurance agency of the lawsuit and provided it with a copy of the summons and complaint. Cardiology Associates believed the matter was being handled by the insurance agency. As soon as Gangelhoff received notice of Myers' application for entry of default, Gangelhoff contacted legal counsel. The court finds that Cardiology Associates' actions were not an intentional disregard of the procedural rules. Rather, a communication failure between the client and its insurance agency occurred, which was promptly

remedied once the matter was brought to the attention of Cardiology Associates. This factor weighs in favor of Cardiology Associates.

### 2. Meritorious Defense

Cardiology Associates asserts that it had ceased doing business and dissolved prior to when the alleged malpractice occurred. Because it had no employees, it could not be held liable under a theory of *respondeat superior*. "Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson,* 524 F.3d at 914. Because Cardiology Associates has put forth a viable defense, this factor weighs in favor of Cardiology Associates.

### 3. Prejudice

The United States Supreme Court and the Eighth Circuit Court of Appeals have stated that "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* at 915. Myers argues that Cardiology Associates will not fully participate in the discovery process because its attorney indicated he would not be attending all the depositions. Cardiology Associates responds that it is obligated to participate in discovery and has already served its initial disclosures pursuant to Rule 26(a)(1). The court finds that Cardiology Associates is responsible for responding to discovery and for designating a representative to testify on its behalf. A party is not required to attend every deposition, but it won't be allowed to claim prejudice later if the party fails to attend after proper notice.

Myers also contends that he may have to re-depose Dr. Ahmad, Dr. Orecchia, and Dugan on the issue of *respondeat superior.* Because this theory of defense was not an issue when the three deposition were taken, Myers may incur some additional expense. This showing of prejudice is minimal, however, and can be cured by an award of expenses to Myers. In the event the three depositions need to be retaken, the court will award Myers reasonable costs and fees associated with the *respondeat superior* issues. Because Myers has failed to articulate more than minimal prejudice, this factor weighs in favor of Cardiology Associates.

The court has considered all three factors and particularly the facts that Cardiology Associates may have a meritorious defense and Myers has not shown more than minimal prejudice. Therefore, the court grants the motion to set aside the entry of default against Cardiology Associates.

Myers also argues that Cardiology Associates does not have standing to defend the named defendant Cardiology Associates, P.C. Myers claims that the Cardiology Associates who is appearing in this litigation is a proxy for the named defendant because Cardiology Associates is claiming that the corporate entity was dissolved. Pursuant to SDCL 47-1A-1405, a corporation can sue or be sued despite its dissolution. Cardiology Associates has properly appeared and wishes to defend its interests. Part of Cardiology Associates' defense is that it cannot be held liable under a theory of *respondeat superior* because it was dissolved and had no employees at the time of the alleged malpractice. This theory of the defense, however, does not preclude Cardiology Associates from appearing and

raising the defense and it is not turned into a proxy for the named defendant. Cardiology Associates has standing to defend itself from the allegations in the complaint.

It is

ORDERED that Cardiology Associates' motion to set aside the Clerk's Entry of Default (Docket 77) is granted.

IT IS FURTHER ORDERED that Myers' motion to dismiss for lack of standing (Docket 84) is denied.

Dated February 4, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE