UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| HUDSON E. MYERS, | ) | CIV. 12-5072-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES OURY, M.D., | ) | |
| PAUL M. ORECCHIA, M.D., | ) | ORDER |
| PAUL A. BORMES, M.D., | ) | |
| DAMON R. BECKLOFF, | ) | |
| JOSEPH L. TUMA, M.D., F.A.C.C., | ) | |
| HEATHER G. CWACH, M.D., | ) | |
| SARFRAZ R. AHMAD, M.D., | ) | |
| CAROL DUGAN, CNP, | ) | |
| RAPID CITY REGIONAL HOSPITAL, | ) | |
| INC., | ) | |
| RUSHMORE HEART INSTITUTE, INC., | ) | |
| CARDIOLOGY ASSOCIATES, P.C., | ) | |
| REGIONAL HEALTH NETWORK, INC., | ) | |
| REGIONAL HEALTH PHYSICIANS, INC., | ) | |
| REGIONAL HEALTH, INC., | ) | |
| JAMES H. OURY, M.D. MEDICAL | ) | |
| CORPORATION, P.C., | ) | |
| PAUL A. BORMES, M.D., P.C., and | ) | |
| BLACK HILLS NEUROLOGY, LLP. | ) | |
| | ) | |
| Defendants. | ) | |

There are two pending motions before the court. First, Hudson Myers moves for default judgment against James Oury, M.D., James H. Oury, M.D. Medical Corporation, P.C., Rushmore Heart Institute, Inc., and Cardiology Associates, P.C. Docket 74. Second, Myers moves to strike or reject two docket entries—dockets 94 and 95—filed by Oury, Oury Medical Corporation, and Rushmore Heart Institute (collectively, the Oury defendants). Docket 101. For the following reasons, Myers's

motion for default judgment (Docket 74) is denied and his motion to strike (Docket 101) is granted in part and denied in part.

## DISCUSSION

Entries of default were filed by the clerk of court against defendants Oury and Oury Medical Corporation on January 30 and 31, 2013, respectively. Dockets 50, 52. Oury moved to set aside the default on February 20, 2013. Docket 54. The court denied Oury's motion because he failed to show good cause. Docket 61.

Additional entries of default were filed by the clerk of court against defendants Rushmore Heart Institute and Cardiology Associates on October 9, 2013. Docket 71. On November 8, 2013, Cardiology Associates moved to set aside the default entered against it. Docket 77. The court granted Cardiology Associate's motion, finding good cause existed. Docket 97.

Myers now seeks entry of a default judgment against defendants Oury, Oury Medical Corporation, Rushmore Heart Institute, and Cardiology Associates. Because the court set aside the entry of default against Cardiology Associates, Myers's motion is denied as moot with respect to Cardiology Associates.

The court now considers the motion as it pertains to the Oury defendants. As a general rule, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur Miller, Mary Kay Kane, Richard Marcus & Adam Steinman, *Federal Practice and Procedure* § 2690 (3d ed. 2014). *See also Westchester Fire Ins.*

*Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("It has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let along a judgment fatal to the interests of other parties.") (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). Here, Myers has alleged professional negligence against all defendants for the same injury, assumedly claiming each defendant is jointly and severally liable. Myers has also alleged certain defendants are vicariously liable for the acts or omissions of defendant Oury. In other words, Myers has alleged that Oury's professional negligence imposes negligence liability on the other defendants. Because liability here is joint (and perhaps several) and because whether some defendants are liable is interrelated to Oury's liability, the court finds it would be premature to enter judgment against the Oury defendants. Entering a default judgment against the Oury defendants could possibly be fatal to the interests of the non-defaulting defendants and may lead to a logically inconsistent adjudication due to the joint and vicarious liability allegations found in the complaint. For these reasons, Myers's motion for entry of default judgment is denied without prejudice. *See Frow*, 82 U.S. at 554 (noting that the possibility of inconsistent adjudications is reason to deny entering a default judgment).

  Myers also moves to strike or asks the court to reject docket entries 94 and 95 filed by the Oury defendants. Docket 94 is the Oury defendants' proposed answer to Myers's complaint. Docket 95 is the Oury defendants' attempt to join in Regional defendants' opposition to the motion for default judgment. The Oury defendants have not responded to the motion.

Docket entries 94 and 95 were signed and filed by Oury pro se. The Eighth Circuit Court of Appeals has unambiguously stated that corporate defendants must be represented by counsel. *See, e.g., United States v. Van Stelton*, 988 F.2d 70 (8th Cir. 1993). Without counsel, a corporate defendant cannot proceed. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (noting that "the law does not allow a corporation to proceed *pro se*"). Because Oury is the only individual who signed and filed the two papers and because Oury is not a licensed lawyer, the court disregards the two entries as far as they pertain to the two corporate entities—Oury Medical Corporation and Rushmore Heart Institute.

Next, the court considers the documents with respect to Oury, who is representing himself pro se. Docket 94 is Oury's proposed answer to Myers's complaint. Oury must have the court set aside the entry of default before the answer is effective. The court has already considered an attempt by Oury to set aside the default and has denied his request because he failed to show good cause. Docket 61. Further, Oury has failed to put forth new facts that would support a finding of good cause, which is necessary to set aside the default. Therefore, Oury remains in default. That said, the court is unaware of a rule that prohibits a party in default from filing a proposed answer. *See Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 Fed. App'x 927, 2010 WL 4608795 (5th Cir. Nov. 15, 2010) ("Rule 55(c) makes no reference to a party's answer and cannot be read to prohibit a party in default from filing a proposed answer."). Therefore, the court will not strike Docket 94 as it pertains to Oury.

Lastly, Docket 95 is Oury's attempt to join in Regional defendants' opposition to the motion for default judgment. As discussed above, Myers's motion for default judgment is denied and this determination is made independent of Docket 95. Therefore, Myers's motion to strike or reject Docket 95 is moot.  Accordingly, it is

ORDERED that Myers's motion for default judgment (Docket 74) is denied without prejudice.

IT IS FURTHER ORDERED that Myers's motion to strike or reject (Docket 101) is granted in part and denied in part in accordance with this order.

Dated June 2, 2014.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE